CARIBE MOTORS CORPORATION, demandante y recurrente, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

*Número:* R-70-117          *Resuelto:* 5 de mayo de 1971

*Brown Newson & Córdova,* abogados de la recurrente; *Gilberto Gierbolini, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Debemos resolver si están sujetos a la contribución sobre la propiedad los vehículos de motor usados por la recurrente

para sus operaciones, otros dedicados por ésta a arrendamiento y otros utilizados por ella, no obstante estar provistos de licencias (tablillas) de conformidad con la Ley de Vehículos y Tránsito.

Concluimos que la contribución sobre la propiedad fue pagada en el caso de dichos vehículos por estar incluida en el cargo por la licencia de cada vehículo, y por lo tanto, no procedía desestimar la demanda en este caso que solicita el reintegro de la referida contribución cuyo pago fue requerido por el Departamento de Hacienda. Por el contrario, debe revocarse la sentencia del tribunal de instancia que desestimó dicha demanda. A continuación relacionamos los fundamentos de este dictamen.

Luego de radicadas la demanda y la contestación en este caso, las partes convinieron por estipulación que:

1.—El reintegro solicitado por los años 1958–1962 asciende a la suma de $104,085.50 la cual corresponde a la contribución sobre la propiedad impuesta sobre vehículos de motor usados adquiridos por la recurrente, vehículos dedicados por la recurrente a arrendamiento y vehículos utilizados por la propia recurrente durante 1958–1962.

2.—Todos los referidos vehículos estaban provistos de licencias (tablillas) de conformidad con la Ley de Vehículos y Tránsito en vigor en cada uno de los años 1958–1962.

3.—Que la controversia se circunscribe a determinar si tales vehículos estaban sujetos a la contribución sobre la propiedad no obstante haberse pagado el derecho de licencias (tablillas) sobre cada uno de ellos durante los años en cuestión.

Concluyó el tribunal de instancia que:

". . . el Departamento de Hacienda nunca tuvo en mente liberar del pago de contribución sobre la propiedad a los vehículos de motor que a la fecha de imposición tuvieran en existencia los traficantes en dichos vehículos.

El texto de la disposición legal . . . [Art. 291 (n) del Código Político—13 L.P.R.A. sec. 551 (n) ] es por demás preciso, claro y libre de toda ambigüedad al excluir de sus disposiciones los vehículos que tengan en existencia las personas naturales o jurídicas que sean traficantes en vehículos de motor, lo que incluye, desde luego, los vehículos propiedad de la demandante objeto de la presente imposición contributiva.

El uso que le dé la demandante a sus vehículos usados es irrelevante a los fines que persigue el estatuto. El legislador tuvo que estar consciente de la práctica seguida por los traficantes de vehículos de motor en Puerto Rico de arrendar algunos, usar otros como 'company cars' y retener otros para la venta."

Concluyó dicho tribunal, además, que:

"La contención de la demandante al efecto de que la imposición aquí concernida carece de igualdad, es insostenible a la luz de la jurisprudencia establecida.

El requisito esencial constitucional queda satisfecho si la imposición es igual para todos los miembros de la clase afectada. Y en el caso ante nuestra consideración la contribución afecta a todos los miembros de una clase.

Sostiene, además, la demandante que existe doble tributación en este caso. Tampoco le asiste la razón. Es regla establecida en relación con la tributación de vehículos de motor que la contribución por derechos de licencia no constituye doble tributación aunque se imponga además al vehículo una contribución sobre la propiedad. Una contribución por vía de licencia por el uso de un vehículo no queda impedida porque el mismo vehículo esté sujeto a una contribución ad valorem."

Apunta la recurrente que incidió el tribunal de instancia al concluir que la exención contributiva provista por el referido Art. 291 (n) no beneficia al recurrente; que la imposición contributiva en este caso es injusta, arbitraria y discriminatoria y constituye un caso claro de doble tributación.

Veamos primeramente el historial legislativo de la exención de la contribución sobre bienes muebles provista por dicho Art. 291 (n).

En 26 de abril de 1949 se aprobaron las leyes Núms. 109 y 116. La primera (Art. 291(n)) eximió del pago de la contribución sobre la propiedad a los vehículos de motor. La segunda (9 L.P.R.A. sec. 179) aumentó en un 20% en el caso de vehículos de motor de servicio privado, y en un 10% en el caso de vehículos de motor de servicio público, los derechos a pagar por licencias (tablillas). En 30 de abril de 1952 se aprobó la Ley Núm. 151 que enmendó el referido Art. 291(n) del Código Político.

En su memorando explicativo del proyecto de ley que se convirtió en la Ley Núm. 151, el Secretario de Hacienda informó a la Asamblea Legislativa que el propósito de la enmienda era que los traficantes en vehículos de motor tengan que pagar contribución sobre la propiedad por los vehículos que tengan en existencia el día 1ro. de enero de cada año *ya que sobre tales vehículos nunca pagan derechos de licencia.* [1]

---

[1] El texto del informe del Secretario de Hacienda con respecto a la enmienda al Art. 291(n) del Código Político lee así:

"El propósito que se persiguió con la aprobación de dichas dos leyes [la 109 y la 116] fue el de simplificar los cobros evitando la pérdida de tiempo que por muchos años había venido experimentando el gobierno con el sistema de hacer tributar los vehículos de motor en igual forma que otros bienes de los contribuyentes. Las mayores dificultades para el cobro surgían del hecho de que un gran número de los recibos expedidos anualmente resultaban incobrables por la frecuencia con que se traspasaban vehículos de motor y la insolvencia de las personas responsables del pago de la contribución.

"El Departamento de Hacienda consideró que la forma más efectiva y menos costosa de cobrar las contribuciones sobre la propiedad a los vehículos de motor era cobrando las mismas como parte de los derechos de licencias impuestos por el artículo 9 de la Ley de Automóviles. Para lograr este objetivo el Departamento calculó el por ciento que tendría que aumentar a los derechos de licencias antes mencionados, para compensar lo que se iba a dejar de cobrar por concepto de contribución sobre la propiedad. De ahí que se aprobaran dos leyes, una enmendando el Art. 9 de la Ley de Automóviles y Tránsito, y otra adicionando el Inciso (n) al artículo 291 del Código Político para declarar exentos del pago de contribuciones a los vehículos de motor sujetos al pago de los derechos de licencias impuestos por el Art. 9 de la Ley de Automóviles y Tránsito.

Resulta evidente que el propósito que tuvo en mente el Secretario de Hacienda al propulsar el proyecto que se convirtió en la Ley Núm. 151 fue que los traficantes de vehículos de motor pagasen contribución sobre la propiedad por aquellos vehículos que tenían en existencia el 1ro. de enero de cada año sobre los cuales no pagaban contribución alguna, ni por licencia (tablillas) ni por inventario a esa fecha. Es necesario examinar primero la opinión del entonces Procurador General (ahora Secretario de Justicia) de 5 de julio de 1951 con respecto al alcance del inciso (n) del Art. 291

---

"Al auspiciar la aprobación de las dos leyes antes mencionadas el Departamento de Hacienda nunca tuvo en mente eximir del pago de contribución sobre la propiedad a los vehículos de motor que el día 1 de enero tuvieran en existencia los traficantes en dichos vehículos. El Departamento no pensó en estos vehículos por dos razones: (1) porque nunca hubo dificultades en el cobro de las contribuciones sobre la propiedad a los vehículos de motor que tenían en existencia el día 1 de enero de cada año dichos traficantes, toda vez que éstos tenían que declararlo como parte de sus existencias y era fácil para el Departamento corroborar la veracidad de las declaraciones y cobrar las contribuciones sobre dichos automóviles, (2) porque no era justo eximir del pago de contribuciones sobre la propiedad en relación con dichos vehículos a quien nada iba a tener que pagar a cambio, *toda vez que los traficantes en vehículos de motor nunca pagan derechos de licencia sobre los vehículos de motor que tienen en existencia para la venta*. Dichos traficantes sólo pagan un derecho de licencia por dedicarse al negocio de traficante de vehículos de motor. (Énfasis nuestro.)

"El Departamento de Justicia ha sido de opinión sin embargo de que a virtud de las disposiciones de la Ley 109 del 26 de abril de 1949, todos los vehículos de motor sujetos al pago de los derechos de licencias impuestos por la Sección 9 de la Ley de Automóviles y Tránsito, están exentos del pago de contribución sobre la propiedad y que por consiguiente los vehículos de motor que tengan en existencia el 1 de enero de cada año los traficantes en vehículos de motor no están sujetos al pago de contribución sobre la propiedad.

"El Departamento de Hacienda considera que no existe razón alguna para justificar el que los traficantes en vehículos de motor no paguen contribución sobre la propiedad sobre los vehículos de motor que tengan en existencia el día 1 de enero de cada año. Resulta a todas luces injusto que los demás comerciantes tengan que pagar contribuciones sobre la totalidad de sus existencias en adición a los derechos de licencias y patentes que también tienen que pagar y que los traficantes de vehículos de motor sólo paguen por una parte de sus existencias."

el cual, según se enmendó por la referida Ley Núm. 109, disponía que estarían exentos de contribución sobre la propiedad *"los vehículos de motor sujetos al pago de licencia (tablillas)."* (Énfasis nuestro.) El Departamento de Hacienda sostenía entonces que debía interpretarse esta disposición en el sentido de que la exención estaba limitada a aquellos vehículos que al día 15 de enero de cada año[2] *hayan efectivamente pagado los derechos de licencia (tablillas).*

Dicha opinión sostuvo que la referida frase "sujetos al pago de licencia" quiere decir vehículos que por su naturaleza están sujetos al pago de licencia; que dicha frase no quiere significar derechos realmente pagados. En tal virtud, en efecto concluyó el Procurador General que los vehículos de motor en poder del traficantes el 1ro. de enero estaban exentos de la referida contribución aunque no se hubiese pagado el derecho de licencia (tablilla) sobre cada uno de ellos siempre que "estuviesen sujetos al pago de ese derecho."

En vista de la referida opinión, el Secretario de Hacienda se vio obligado a hacer efectiva su anterior interpretación del Art. 291(n) en cuestión (el Art. 291 exime de la contribución sobre la propiedad una larga serie de bienes entre los que se relacionan los vehículos de motor en su inciso (n)), mediante la enmienda que propuso y que se convirtió en la Ley Núm. 151 la cual enmendó el inciso (n) del Art. 291 del Código Político para que lea como ahora lee, así:

"(n) Los vehículos de motor sujetos al pago de los derechos de licencias (tablillas) provistos por la Ley de Automóviles y Tránsito, secs. 171 a 196 del Título 9, excepto aquellos que tengan en existencia las personas naturales o jurídicas que sean traficantes en vehículos de motor."

Es evidente de lo expuesto que el propósito de la última enmienda del referido inciso (n) fue gravar los vehículos de motor que los traficantes tienen en existencia para la

---

[2] La fecha cuando surge el estado contributivo en Puerto Rico es en la actualidad el 1ro. de enero de cada año (13 L.P.R.A. sec. 450).

venta y sobre los cuales no se ha pagado contribución alguna, y no el imponer por segunda vez la contribución sobre la propiedad a los vehículos sobre los que ya se ha pagado contribución mediante el pago del derecho de sus licencias (tablillas). El hecho de que estos últimos vehículos estén en posesión del traficante el 1ro. de enero de cada año de por sí no los sujeta al pago de contribución sobre la propiedad, cuando ya ésta se pagó en el caso de tales vehículos dentro del derecho de licencia (tablillas).

▆▆▆ El término "excepto aquellos que tengan en existencia . . . [los] traficantes" no se debe interpretar literal y separadamente sino en consonancia con el esquema contributivo que se estableció mediante las Leyes Núms. 109, 116 y 151 antes citadas y los propósitos del mismo expuestos con toda claridad por el Secretario de Hacienda. La intención legislativa con respecto al alcance de la Ley Núm. 151 enmendatoria del inciso (n) necesariamente fue la que expuso el Secretario de Hacienda. De manera que *la interpretación justa y correcta de la referida frase es que no están sujetos a la exención contributiva provista por el Art. 291(n) los vehículos de motor que tengan en existencia los traficantes con respecto a los cuales no se haya pagado el derecho de licencia (tablillas).*

Como en el caso ante nos aparece de la estipulación suscrita por las partes que el derecho de licencia (tablilla) se había pagado con respecto a los vehículos de motor usados adquiridos por la recurrente, otros dedicados a su negocio de arrendamiento de vehículos y otros utilizados para su propio uso, no procedía que se cobrase la contribución sobre la propiedad con respecto a tales vehículos. Por lo tanto, la contribución así indebidamente cobrada por y pagada al Secretario de Hacienda, debe ser rembolsada por éste a la recurrente.

En vista de lo expuesto *debe revocarse la sentencia dictada por el tribunal de instancia en este caso y dictarse otra*

*declarando con lugar la demanda y en tal virtud ordenar al Secretario de Hacienda que reembolse a la recurrente las sumas indicadas en el párrafo 3 de la referida estipulación, el total de las cuales es la suma de $104,085.50, más intereses, según lo dispuesto en la Ley Núm. 232 de 10 de mayo de 1949 (13 L.P.R.A. sec. 262).*