GÓMEZ HERMANOS, INC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

Número: R-78-11    Resuelto: 28 de marzo de 1978

*Héctor A. Colón Cruz, Procurador General, y Américo Serra, Procurador General Auxiliar,* abogados del recurrente; *Otero Suro & Otero Suro y Rodrigo Otero Bigles,* abogados de la recurrida.

PER CURIAM: La cuestión planteada en este recurso es si están exentos de tributación sobre la propiedad mueble todos los automóviles nuevos sobre los cuales una importadora vendedora pagó los derechos de licencia (tablillas).

En la tasación de la propiedad mueble de la recurrida, Gómez Hermanos, Inc., para el año 1972–73 el Secretario de Hacienda incluyó como parte del inventario automóviles nuevos provistos de tablillas. La compañía distribuidora se querelló ante el Tribunal Superior de esta y otras actuaciones del Secretario recurrente. El tribunal de instancia resolvió, entre otros asuntos, que están exentos del tributo concernido los vehículos nuevos sobre los cuales la distribuidora pagó los derechos de licencia. Recurrió el Secretario de esta parte de la sentencia.

El 2 de febrero de 1978 expedimos orden para que la recurrida mostrase causa por la cual no debíamos expedir el auto y revocar la porción impugnada de la sentencia. Examinados los argumentos de las partes, concluimos que el fallo de que se recurre está fundado en una apreciación incorrecta del estado de derecho.

El Art. 290 del Código Político, 13 L.P.R.A. sec. 443, dispone: "Toda propiedad no exenta expresamente del pago de contribuciones será tasada como imponible . . . ." El Art. 291(n) del mismo Código, 13 L.P.R.A. sec. 551(n), expresa que no estarán sujetos al tributo sobre la propiedad mueble "Los vehículos de motor sujetos al pago de los derechos de licencias (tablillas) provistos por la Ley de Automóviles y Tránsito, secs. 171 a 196 del Título 9, excepto aquellos que tengan en existencia las personas naturales o jurídicas que sean traficantes en vehículos de motor." Un traficante en vehículos de motor no puede eximir de tributo su inventario de vehículos nuevos mediante el simple recurso de adelantarse a pagar las tablillas antes de venderlos. El texto citado no da margen a tal acción. De su historial tampoco surge base para interpretarlo así.

El texto actual del Art. 291(n) del Código Político proviene de la Ley Núm. 151 de 30 de abril de 1952, que enmendó la Núm. 109 de 26 de abril de 1949. Esta última ley eximió del pago de la contribución sobre la propiedad a los

vehículos de motor. Su lenguaje era algo confuso y el Departamento de Justicia, en contraste al de Hacienda, opinó que la exención abarcaba los vehículos de motor que tuviesen en existencia los distribuidores al 1 de enero de cada año. Para aclarar esta situación fue que se aprobó la Ley Núm. 151. En su memorial explicativo sobre esta medida el Secretario de Hacienda señaló que al auspiciar la Ley Núm. 109 su departamento "nunca tuvo en mente eximir del pago de contribución sobre la propiedad a los vehículos de motor que el día 1 de enero tuvieran en existencia los traficantes en dichos vehículos." Se cita el texto de este memorial en *Caribe Motors Corp.* v. *Srio. de Hacienda,* 99 D.P.R. 883, 886-887, n. 1 (1971). Añadió el Secretario, *loc. cit.,* en explicación del propósito de la ley vigente:

"El Departamento de Hacienda considera que no existe razón alguna para justificar el que los traficantes en vehículos de motor no paguen contribución sobre la propiedad sobre los vehículos de motor que tengan en existencia el día 1 de enero de cada año. Resulta a todas luces injusto que los demás comerciantes tengan que pagar contribuciones sobre la totalidad de sus existencias en adición a los derechos de licencias y patentes que también tienen que pagar y que los traficantes de vehículos de motor solo paguen por una parte de sus existencias."

La distribuidora recurrida invoca en su apoyo nuestra decisión en *Caribe Motors Corp.* v. *Srio. de Hacienda,* supra. En *Caribe Motors* resolvimos que no procede el cobro de la contribución sobre la propiedad cuando el vehículo es para el propio uso de la distribuidora o cuando se dedica al negocio de alquiler o cuando se trata de vehículos usados adquiridos por el traficante. En estas tres situaciones se habían pagado por necesidad los derechos de licencia. Tal no es el caso presente. Según se desprende de autos, la distribuidora pagó voluntariamente las tablillas como incentivo para aumentar sus ventas. La norma de *Caribe Motors* se limita estrictamente a las tres situaciones que motivaron su formulación. No es extendible, en ausencia de mandato legislativo, a los hechos de

este caso. No cabe añadir otra excepción por la vía jurisprudencial a la clara letra de la ley.

En consideración a lo expuesto *se expide el auto solicitado y se revoca la parte de la sentencia recurrida que resolvió que la distribuidora está exenta del pago de contribución sobre la propiedad mueble correspondiente a los vehículos nuevos sobre los cuales pagó los derechos de licencia.*

Los Jueces Asociados Señores Dávila y Rigau no intervinieron.